1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID SEARS,                              No.  2:15-cv-00753-KJM-AC

12              Plaintiff,

13        v.

14   BANK OF AMERICA, et al.,

15              Defendants.

16

17   DAVID SEARS,                              No.  2:13-cv-01664-KJM-AC

18              Plaintiff,

19        v.                                   ORDER

20   BANK OF AMERICA, et al.,

21              Defendants.

22

23

24          In the two related cases captioned above, plaintiff David Sears pursues claims

25   against defendants Bank of America, N.A., several of its officers, and M&T Bank.  His

26   allegations surround the foreclosure sale of 1830 Hidden Hills Drive, Roseville, California, his

27   former home.  Bank of America moves to dismiss, and M&T Bank moves to consolidate the two

28   cases and to dismiss.  The court held a hearing on July 10, 2015.  Shawn Dhillon appeared for

                                              1

1    Sears,[1] Alexandra Seibert appeared for Bank of America and the individual defendants, and

2    Patricia Penny appeared for M&T Bank.  The motions are granted with leave to amend as

3    described below.

4    I.       JUDICIAL NOTICE

5             As a preliminary matter, the court grants M&T's and Bank of America's

6    unopposed requests for judicial notice.  ECF Nos. 8, 13, 19.  In support of their motions, M&T

7    and Bank of America request judicial notice of filings in case number 13-1664 in this court, pre-

8    removal filings in the Sacramento County Superior Court, and documents recorded in the Placer

9    County Land Records.  Each of these documents is relevant to this case and is a public record

10   subject to judicial notice.  *See, e.g.*, *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir.

11   2012).

12   II.      MOTION TO CONSOLIDATE

13            A court may consolidate two actions pending in the same district when they

14   involve "common questions of law or fact."  Fed. R. Civ. P. 42(a); *Investors Research Co. v. U.S.*

15   *Dist. Ct.*, 877 F.2d 777 (9th Cir. 1989).  The decision is one of "broad discretion," *Investors*

16   *Research*, 877 F.2d at 777, and tests "judicial convenience" against any "delay, confusion and

17   prejudice," *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*,

18   282 F.R.D. 486, 490 (C.D. Cal. 2012) (quoting *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720

19   F. Supp. 805, 807 (N.D. Cal. 1989)) (quotation marks omitted).  The court may also consider "the

20   risk of inconsistent adjudications of common factual and legal issues."  *Ellison Framing Inc. v.*

21   *Zurich Am. Ins. Co.*, Nos. 11–0122, 13–1761, 2013 WL 6499058, at *3 (E.D. Cal. Dec. 11, 2013)

22   (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)) (quotation marks

23   omitted).  The moving party bears the burden to show the propriety of an order in its favor.  *Id.*

24

25            [1] Mr. Dhillon is an attorney with less than four years' experience out of law school.  He
26   appeared at the hearing after the court invited the parties to assign oral argument to a young
     attorney of his experience.  *See* Minute Order, ECF No. 24.  Before July 8, 2015, only Pamela
27   Palmieri represented Sears, both in Case No. 13-1664 and Case No. 15-0753.  Her conduct and
     briefing in both cases has been sloppy and disappointing.  Mr. Dhillon's argument at the hearing,
28   however, persuaded the court Sears will have better representation in the future.

1       Here, both cases involve the same parties: David Sears, the plaintiff, and the

2   defendants, Bank of America, M&T Bank, Brian C. Moynihan, Gary G. Lynch, and David C.

3   Darnell. Notice of Removal, Ex. 1 (Compl.), at 1, ECF No. 1-1; First Am. Compl. 1 (Prev.

4   Compl.), Case No. 13-1664, ECF No. 25.[2] Each case is the other's doppelgänger: in each Sears

5   alleges the defendants misrepresented the status of his application for a loan modification while

6   they took steps to foreclose on his home. *Compare* Compl. ¶¶ 22–25 *with* Prev. Compl. ¶¶ 17–

7   25. Sears has not filed an opposition to M&T's motion,[3] the court is aware of no prejudice that

8   would result to either party should the two cases be consolidated, and consolidation of these cases

9   would avoid confusion and delay. The motion is granted.

10  III.     MOTION TO DISMISS

11           A.      Allegations

12       For purposes of this motion, the court assumes the complaint's allegations are true.

13  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). In June 2007, Sears took on a mortgage

14  loan, secured by a deed of trust, to purchase a house. *See* Request J. Notice, Ex. A (Deed of

15  Trust), ECF No. 8. In January 2012, he requested a loan modification and submitted a "complete

16  package of all documentation" required. Compl. ¶ 17. "[A]cting through Crystal Fodi," Sears

17  alleges "the defendants" told him his application had not included all the required documents. *Id.*

18  ¶ 18. The defendants knew this was not true, however, and intended to delay his application

19  while they prepared to file a notice of default and sale. *Id.* "[A]cting through Judith M. Palmer,"

20  the defendants again requested more documentation, even though Sears had already completed

21  his application. *Id.* ¶ 19. He sent the materials again. *Id.* In August 2012, the defendants filed a

22  notice of default on his property while his application was complete and pending. *Id.* ¶ 20;

23

24       [2] The complaint in case 15-753 omits any allegation against Thomas K. Montag, who the
    first amended complaint in case 13-1664 alleges is "an officer of the Bank of America and is a
25  citizen of the state of New York." First Am. Compl. ¶ 6, Case No. 13-1664, ECF No. 25. This
    distinction is immaterial for purposes of the motion to consolidate.
26

27       [3] At hearing, counsel orally opposed the motion to consolidate; however, because Sears
    filed no opposition, he is precluded from presenting any argument in opposition to the motion.
28  E.D. Cal. L.R. 230(c).

1  Request for J. Notice, Ex. D (Notice of Default), ECF No. 8.  Sears does not say when, but

2  alleges that a person known only to the defendants told him they had received his completed

3  application.  Compl. ¶ 21.  The defendants also refused to accept his application or give any

4  reason it had been denied.  *Id.*

5          In November 2012, the defendants filed a notice of a trustee's sale of the property.

6  *Id.* ¶ 22; Request for J. Notice, Ex. E (Notice of Trustee's Sale), ECF No. 8.  Later in the same

7  month, they acknowledged receipt of his application for a modification but requested his social

8  security number and documentation of his pension income.  *Id.* ¶ 23.  Sears had already sent and

9  the bank had received this information; the defendants intended to waste his time, prevent him

10  from hiring a lawyer, and convince him approval of his application was imminent.  *Id.*  Sears

11  submitted the information requested before December 5, 2012, but on that day the defendants

12  again falsely claimed they had not received it.  *Id.* ¶ 24.  The defendants did all these things after

13  plaintiff told them his wife was dying of cancer.  *Id.* ¶ 60.

14          Sears filed a complaint in this court in August 2013, and the court granted the

15  defendants' motion to dismiss with leave to amend.  Order Nov. 27, 2013 (Prev. Order), at 1, 8,

16  Case No. 13-1664, ECF No. 22.  Sears amended his complaint the next month, and again the

17  defendants moved to dismiss, but in March 2014, before an order issued, Sears voluntarily

18  dismissed the case without prejudice.  Mot. Dismiss, Case No. 13-1664, ECF No. 26; Minute

19  Order, Case No. 13-1664, ECF No. 41.  On August 20, 2014, the trustee foreclosed on the

20  property and recorded its trustee's deed upon sale.  Request J. Notice Ex. F, ECF No. 8.  Sears

21  filed his complaint in this case on April 7, 2015 in state court, and it was removed and related to

22  the previous action several days later.  Order Apr. 15, 2015, ECF No. 9.  M&T and Bank of

23  America both moved to dismiss.  M&T Mot. Dismiss, ECF No. 7; Bank of Am. Mot. Dismiss,

24  ECF No. 18.  Sears filed opposition to M&T's motion to dismiss, but not Bank of America's.

25  Opp'n, ECF No. 14.  M&T replied.  ECF No. 15.

26

27

28

4

1    Sears's complaint alleges (1) violations of several sections of the California Civil

2    Code, the Homeowners Bill of Rights (HBR);[4] (2) negligence; (3) misrepresentation;

3    (4) intentional misrepresentation; (5) intentional infliction of emotional distress; (6) violation of

4    California Business and Professions Code sections 17200, *et seq.*; and  (7) wrongful foreclosure.

5    He seeks damages, costs, and fees.[5]

6    On October 21, 2015, Ms. Palmieri informed the court the parties had reached a

7    settlement agreement.  *See* Not. Intent to Settle, ECF No. 31; Minute Order, ECF No. 32; Am.

8    Not. Intent to Settle, ECF No. 33.  On November 11, 2015, the court ordered the parties to file a

9    joint status report on the progress of their settlement negotiations, Minute Order, ECF No. 34, and

10    the defendants filed a status report informing the court that plaintiff's counsel had not answered

11    their correspondence.  Joint Report, ECF No. 35.  They requested the court issue an order on the

12    pending motion to dismiss.  *Id.*

13    B.    Legal Standard

14    A defendant may move to dismiss for "failure to state a claim upon which relief

15    can be granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if the complaint lacks

16    a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.

17    *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013).  The court

18    assumes these factual allegations are true and draws reasonable inferences from them.  *Ashcroft v.*

19    *Iqbal*, 556 U.S. 662, 678 (2009).  It does not matter how unlikely proof seems, as long as the

20    allegations don't defy "reality as we know it" on the order of alleging the existence of "little

21    green men, or the plaintiff's recent trip to Pluto, or experience in time travel."  *Id.*

22    A complaint need contain only a "short and plain statement of the claim showing

23    that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations,"

24    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But this rule demands more than

25    ⁴ At hearing, counsel clarified Sears alleges no claims under the federal Homeowners

26    Affordable Mortgage Program or the Emergency Economic Stabilization Act of 2008, 12 U.S.C. § 5201 *et seq.*  For the sake of clarity, to the extent Sears previously alleged violations of these

27    statutes, the motions to dismiss are granted as to these claims with prejudice.

28    ⁵ At hearing, counsel clarified Sears does not seek to set aside the trustee's sale.

1    unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*,

2    556 U.S. at 678. In the same vein, conclusory or formulaic recitations of a cause's elements do

3    not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Evaluation under Rule 12(b)(6) is a

4    context-specific task drawing on "judicial experience and common sense." *Id.* at 679. And aside

5    from the complaint, district courts have discretion to examine documents incorporated by

6    reference, *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012); affirmative

7    defenses based on the complaint's allegations, *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir.

8    2013); and proper subjects of judicial notice, *W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970,

9    976 (9th Cir. 2012).

10                    C.      Discussion

11                            1.      Bank of America

12                    Sears relies on a blanket allegation against all the "defendants." He does not

13   specify which claims target which defendants. Bank of America has produced public records

14   documenting the foreclosure sale, and its name appears on none. *See* Notice of Default, Req. J.

15   Notice, Ex. C, ECF No. 19-3; Notice of Trustee's Sale, *id.* Ex. D; Rescission of Notice of Default,

16   *id.* Ex. F; Notice of Default, *id.* Ex. H; Notice of Trustee's Sale, *id.* Ex. I; Trustee's Deed Upon

17   Sale, *id.* Ex. J. While it is possible Bank of America took actions that would make it liable, Rule

18   8 requires plausible, not possible theories of relief. *See Iqbal*, 556 U.S. at 678. The complaint is

19   dismissed as to Bank of America and the individual defendants, with leave to amend as to the

20   entity, but not the individual defendants.[6]

21                            2.      Tender

22                    A plaintiff who alleges "any cause of action for irregularity in the [foreclosure]

23   sale procedure" must tender valid payment of the loan proceeds. *Ohlendorf v. Am. Home*

24   *Mortgage Servicing*, 279 F.R.D. 575, 580 (E.D. Cal. 2010) (quoting *Abdallah v. United Savings*

25   *Bank*, 43 Cal. App. 4th 1101, 1109 (1996)) (internal quotation marks omitted). After a

26   foreclosure sale has occurred, if the plaintiff requests the court equitably set aside a trustee's sale

27

28            [6] At hearing, counsel agreed to the dismissal with prejudice of the individual defendants.

                                                    6

1   or alleges wrongful foreclosure, he must allege either that he tendered the amount due on the

2   mortgage or that an exception to this rule applies. *Nugent v. Fed. Home Loan Mortgage Corp.*,

3   No. 12-00091, 2013 WL 1326425, at *7 (E.D. Cal. Mar. 29, 2013) (citing *Lona v. Citibank, N.A.*,

4   202 Cal. App. 4th 89, 112–13 (2011) and *Pfeifer v. Countrywide Home Loans, Inc.*, 211 Cal.

5   App. 4th 1250, 1280–81 (2012)).

6            In *Nugent*, the plaintiffs alleged the defendants had moved forward to foreclose on

7   their property while they were making payments under a trial loan modification. 2013 WL

8   1326425, at *6–8. The court dismissed claims for wrongful foreclosure and under California

9   Civil Code section 2923.5 because the plaintiffs had alleged neither that they tendered the amount

10  of their indebtedness nor that were excused from tendering that amount. *Id.* Here, as in *Nugent*,

11  Sears asserts claims for wrongful foreclosure and alleges the defendants improperly delayed his

12  application for a loan modification so that they could file notices of default, prevent him from

13  hiring counsel, and conduct a foreclosure sale of his home, *i.e.* "irregularities in the foreclosure

14  process itself," *McGarvey*, 2013 WL 5597148, at *11. He concedes a foreclosure sale took place.

15  Opp'n 2, ECF No. 14. His complaint omits any allegation of tender or that he is excused from

16  this requirement.[7] The motions are granted with leave to amend.

17                    3.        Retroactive Application of the HBR

18           The defendants correctly note an additional hitch in Sears's case. He alleges the

19  defendants violated various provisions of the HBR in 2012. *See* Compl. ¶¶ 17–24, 28–38. The

20  HBR took effect on January 1, 2013. *McFarland v. JP Morgan Chase Bank*, No. 13-01838, 2014

21  WL 1705968, at *5 (C.D. Cal. Apr. 28, 2014). As the court has previously concluded, no part of

22  the Civil Code applies retroactively unless "expressly so declared," Cal. Civ. Code § 3;

23  *Evangelatos v. Super. Ct.*, 44 Cal. 3d 1188, 1209 (1988), and the HBR includes no such

24  provision, *see* Prev. Order at 5. Any amended complaint must allege which acts occurred after

25  January 1, 2013.

26            ―――――――――――
              [7] As noted above, *see supra* note 5, at hearing counsel clarified Sears does not seek to set
27  aside the foreclosure sale and argued he is excused from the tender requirement to allege claims
    in tort and for violations of the California Civil Code. The court defers any consideration of these
28  arguments until an amended pleading is filed and appropriately challenged.

                                                    7

1          4.        Negligence

2              To state a claim for negligence, a plaintiff must allege "(1) the defendant owed the

3    plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately

4    caused the plaintiff's damages or injuries." *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.

5    App. 4th 49, 62 (2013).  The defendant's duty of care is a prerequisite to any claim for

6    negligence. *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991).

7    Whether a duty of care exists is a question of law.  *First Interstate Bank of Ariz., N.A. v. Murphy,*

8    *Weir & Butler*, 210 F.3d 983, 987 (9th Cir. 2000).

9              As a general rule, banks owe borrowers no duty of care unless the institution's

10   involvement "exceed[s] the scope of its conventional role as a mere lender of money." *Nymark*,

11   231 Cal. App. 3d at 1096.  But "*Nymark* does not support the sweeping conclusion that a lender

12   never owes a duty of care to a borrower." *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th

13   872, 901 (2013) (internal quotation marks omitted).  Rather, the court weighs six factors to decide

14   whether a financial institution owes a borrower a duty of care:

15              [1] the extent to which the transaction was intended to affect the
                plaintiff, [2] the foreseeability of harm to him, [3] the degree of
16              certainty that the plaintiff suffered injury, [4] the closeness of the
                connection between the defendant's conduct and the injury suffered,
17              [5] the moral blame attached to the defendant's conduct, and [6] the
                policy of preventing future harm.
18

19   *Nymark*, 231 Cal. App. 3d at 1098 (quoting *Connor v. Great Western Sav. & Loan Assn.*, 69 Cal.

20   2d 850, 865 (1968)).

21              California courts have not settled on a uniform application of these six factors in

22   mortgage cases. *Greene v. Wells Fargo Bank, N.A.*, No. 15-00048, 2015 WL 2159460, at *4–5

23   (N.D. Cal. May 7, 2015).  But two cases, one in federal district court and one in state appellate

24   court, are analogous to this one.  In *Alvarez v. BAC Home Loans Services*, the Court of Appeal

25   allowed a plaintiff to proceed on claims that the defendant had negligently relied on incorrect

26   information when it denied his application for a loan modification. *See* 228 Cal. App. 4th 941,

27   945 (2014).  In *Rijhwani v. Wells Fargo Home Mortgage, Inc.*, a negligence claim survived

28

8

1    because the plaintiff alleged the defendant had strung him along with false promises of a loan

2    modification.  *See* No. 13-5881, 2014 WL 890016, at *17 (N.D. Cal. Mar. 3, 2014).

3              Here, Sears alleges the defendants owed and breached their duty to process his

4    application for a loan modification with reasonable care.  Application of the six factors described

5    above may very well lead the court to conclude the defendants owed him a duty of care and

6    breached that duty.  Nevertheless, his complaint leaves the court with no theory about how the

7    trap, allegedly laid and sprung in 2012, led to the trustee's sale several years later, that is, how the

8    defendants' alleged dual-tracking proximately caused his injuries.  After all, Sears litigated

9    foreclosure claims in this court and voluntarily dismissed his case before a foreclosure sale ever

10   took place.  He may amend if possible under Rule 11.

11             5.        Misrepresentation

12             The court's previous order described the applicable law: the elements of a claim

13   for misrepresentation are "(1) the misrepresentation of a past or existing material fact, (2) without

14   reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the

15   fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage."

16   *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007).

17   Although state law controls the substantive elements of plaintiff's claim for misrepresentation,

18   plaintiff "must still meet the federal standard to plead [misrepresentation] with particularity."

19   *Sato v. Wachovia Mortgage, FSB*, No. 11-00810, 2011 WL 2784567, at *12 (N.D. Cal. July 13,

20   2011) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)).

21             The complaint does not allege with particularity what damages Sears suffered as a

22   result of the defendants' misrepresentations and how alleged misrepresentations caused these

23   damages.  In his opposition, however, he alleges the loss of his down payment, the loss of his

24   time, emotional damages, stress, and physical illness all arose from the defendant's

25   misstatements.  Opp'n at 6.  "In determining the propriety of a Rule 12(b)(6) dismissal, a court

26   may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in

27   opposition to a defendant's motion to dismiss."  *Schneider v. California Dep't of Corr.*, 151 F.3d

28   1194, 1197 n.1 (9th Cir. 1998).  The motion is therefore granted with leave to amend.

1          6.          Intentional Infliction of Emotional Distress

2          A complaint states a claim for intentional infliction of emotional distress when it

3    alleges (1) the defendant's conduct was outrageous; (2) the defendant either intended to cause

4    emotional distress or acted with reckless disregard to the probability of causing emotional

5    distress; (3) the plaintiff suffered severe emotional distress; and (4) the defendant's conduct

6    actually and proximately caused that emotional distress.  *Nally v. Grace Cmty. Church*, 47 Cal. 3d

7    278, 300 (1988).  The defendant's conduct is sufficiently "outrageous" when it is "so extreme as

8    to exceed all bounds of that usually tolerated in a civilized community."  *Davidson v. City of*

9    *Westminster*, 32 Cal. 3d 197, 209 (1982).  "Whether conduct is outrageous is usually a question

10   of fact."  *Ragland v. U.S. Bank Nat. Assn.*, 209 Cal. App. 4th 182, 204 (2012).

11         If true, the complaint's allegations support a plausible theory of reckless disregard

12   to the probability of severe emotional distress.  If the defendants indeed lied through their teeth,

13   strung Sears along until they could seize his home by foreclosure sale, and knew his wife was

14   "dying of cancer" at the time, California authority allows him the attempt to support this claim

15   with evidence.  *Cf. Ragland*, 209 Cal. App. 4th at 204–05 ("[The plaintiff] argues [the defendant]

16   engaged in outrageous conduct by inducing her to skip the April loan payment, refusing later to

17   accept loan payments, and selling her home at foreclosure. . . . [This] treatment . . . , if proven, . . .

18   was so extreme as to exceed all bounds of decency in our society.").  Bank of America's motion

19   argument that it cannot be liable for asserting its economic interests misconstrues this claim.  *See*

20   Bank of Am. Mot. at 18 (citing *Kruse v. Bank of Am.*, 202 Cal. App. 3d 38, 67 (1988)).  The

21   complaint does not allege M&T "was only exercising its legal rights pursuant to the power of sale

22   in the Deed of Trust and according to non-judicial foreclosure law," *id.*, it alleges irregularities

23   and ulterior motives.  The motion is denied in this respect.

24         7.          California Unfair Competition Law (UCL)

25         California's UCL prohibits "any unlawful, unfair or fraudulent business act or

26   practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

27   An act violates the UCL if it is "unlawful," "unfair" or "fraudulent."  *Rubio v. Capitol One Bank*,

28   613 F.3d 1195, 1203 (9th Cir. 2010).  To assert a UCL claim, a plaintiff must have "'suffered

1   injury in fact and . . . lost money or property as a result of the unfair competition.'" *Id.* at 1203–

2   04 (quoting Cal. Bus. & Prof. Code § 17204) (alteration in original).

3          The complaint's allegations here are essentially identical to those the court found

4   insufficient in its previous order.  *See* Prev. Order at 7.  In addition, the court has dismissed

5   Sears's claims for wrongful foreclosure, violations of the California HBR, negligence, and

6   misrepresentation, so none of these claims may serve at this time as a basis for his UCL claim.

7   Only Sears's claim for intentional infliction of emotional distress stands, but he does not allege

8   this emotional distress is the basis for his UCL claim.  The motion is therefore granted with leave

9   to amend.

10  IV.    CONCLUSION

11         This order resolves ECF Nos. 7, 12, and 18 in Case No. 15-0753.  The court orders

12  as follows:

13         (1) The motion to consolidate is GRANTED.  Case No. 2:15-cv-00753-KJM-AC

14  shall be consolidated with Case No. 2:13-cv-01664-KJM-AC for all purposes, including trial.

15  Case No. 2:15-cv-00753-KJM-AC shall be the lead case and referenced in the caption of all

16  pleadings.  All documents shall be filed in the lead case.

17         (2) Bank of America's motion to dismiss is GRANTED with leave to amend as to

18  Bank of America, N.A. and with prejudice as to the individual defendants.

19         (3) M&T's motion to dismiss is GRANTED IN PART.  The claims under the

20  HBR, for wrongful foreclosure, for misrepresentation, and under California Business and

21  Professions Code sections 17200 *et seq.* are DISMISSED with leave to amend.  In all other

22  respects, the motion is DENIED.

23         (4) The plaintiff shall file an amended complaint within fourteen days.

24         IT IS SO ORDERED.

25   DATED:  December 28, 2015.

26

27  _____
                      UNITED STATES DISTRICT JUDGE
28

                                11